UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT C. FOHRMEISTER,

     Appellant,

v.                                                                                    Case No: 8:17-cv-516-T-36

DEBRA PUCKETT,

     Appellee.

_____/

## **O R D E R**

This matter comes before the Court upon the Appellee's Motion to Dismiss Appeal (Doc. 11), filed on May 5, 2017. Appellant, Robert C. Fohrmeister, filed a response in opposition, (Doc. 12), to which Appellee replied (Doc. 13). In the motion, Appellee states that the Appellant has not filed his initial brief within the time allotted, has not moved for an extension of time to do so, and has otherwise failed to prosecute this appeal, justifying dismissal. The Court, having considered the motion and being fully advised in the premises, will grant Appellee's Motion to Dismiss Appeal.

## I.     BACKGROUND

On March 2, 2017, Appellant filed an Emergency Notice of Appeal of the bankruptcy court's order awarding $1,790. to the law firm of Cole & Cole, Appellee's counsel. Doc. 1. Appellant asserts that "this item has to do with the Pending Civil suit against Hillcrest Mobile Home Park and not the Chapter 13 Bankruptcy" and he requests that the court "reconsider its order." *Id*.[1] On March 31, 2017, the Clerk of Court entered its notice of docketing bankruptcy

---

[1] Appellant attached to his Emergency Notice of Appeal the Bankruptcy Court's February 22, 2017 "Order Directing Filing of Amended Notice of Appeal and, Unless Filing Fee is Paid, A Financial Affidavit in Support of Application to Waive the Appeal". Doc. 1-1.

record on appeal advising the parties to comply with Bankruptcy Rule of Procedure 8018. Doc. 9. As of the date of this Order, Appellant has neither filed his initial brief, nor requested an extension of time to do so.

## II. LEGAL STANDARD

Rule 8018 requires that the appellant serve and file a brief within 30 days after the docketing of the notice that the record has been transmitted or is available electronically. Fed. R. Bankr. P. 8018(a)(1). If the appellant fails to file a brief on time or within an extended time authorized by the district court, the court may dismiss the appeal, either on motion of the appellee or on the court's own motion after providing notice to the appellant. Fed. R. Bankr. P. 8018(a)(4); *In re Tucker*, 665 Fed. Appx. 841, 843 (11th Cir. 2016).

Rule 8003 provides that: "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). "[D]ismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal." *Lawrence v. Educ. Credit Mgmt. Corp*., 522 Fed. Appx 836, 839 (11th Cir. 2013) (quoting *Brake v. Tavormina (In re Beverly Manufacturing Corp*., 778 F.2d 666, 667 (11th Cir. 1985)).

"[I]n its discretion," the district court may extend this time "for cause shown" either (1) with or without motion before the time to act has expired, or (2) on motion made after the time to act has expired "where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1); *see Rosenberg v. DVI Receivables XIV, LLC*, 818 F.3d 1283, 1287–89 (11th Cir. 2016) (explaining that the bankruptcy rules apply to cases in both the bankruptcy and district courts).

## III.  DISCUSSION

The docket reflects that the bankruptcy clerk forwarded the completed record to the district court, in compliance with Rule 8010(b), on March 30, 2017. Appellant has neither filed his brief nor a motion for extension of time. And he has not otherwise demonstrated an intention to prosecute this appeal. In his response in opposition to the motion to dismiss, Appellant asserts that

> The principal brief was filed in [sic] time, but since a Federal Court Order was violated [f]urhter documentation must go through the United States Justice Department which now has jurisdiction. All briefs must be submitted to the Assistant Attorney General within the time period. Since the Appellee did not submit the proper paperwork in time the Motion to Appeal [sic] must be dismissed.

Appellee argues that this appeal is frivolous and brought in bad faith because Appellant wrongfully summoned her, instead of her business, in the lower court proceeding. She argues that the Bankruptcy Court agreed when it awarded her $1,790. in attorneys' fees. Doc. 11 at ¶ 6. She asserts that she continues to bear attorneys' fees in defending against this appeal. *Id*.

In general, dismissal for failure to prosecute an appeal "is discretionary and should be considered in light of the prejudicial effect of delay on the appellee and the bona fides of the appellant." *Pyramid Mobile Homes, Inc. v. Speake* (*In re Pyramid Mobile Homes, Inc*.), 531 F.2d 743, 746 (5th Cir. 1976)[2]. Although Rule 8018(a)(4) authorizes dismissal for failure to file a brief on time; "routine dismissal for failure to timely file briefs" is not appropriate. *Brake v. Tavormina* (*In re Beverly Mfg. Corp.*), 778 F.2d 666, 667 (11th Cir. 1985) (rejecting the appellee's position that the court adopt a "stringent rule of dismissal for failure to timely file briefs"). Instead, "dismissal is proper only when bad faith, negligence or indifference has been shown." *Id*.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Here, Appellant has made no effort to comply with the Rules and prosecute his appeal. Appellant's response to the Motion does not request an extension of time. Even if the Court construed it as such, it does not articulate or demonstrate good cause or excusable neglect for his failure to file the initial brief within the time permitted. Under the Eleventh Circuit's standard, it appears that Appellant is either acting negligently or indifferently. The Appellant has had two filings alerting him to his duty to file the initial brief in this matter: the Clerk of Court's notice of docketing the bankruptcy record and the Appellee's motion to dismiss noting that the initial brief was past due. Although Appellant asserts that this Court no longer has jurisdiction, this argument is unsupported by any facts or citation to authority. It does not appear that Appellant intends to prosecute this appeal. Therefore, the appeal should be dismissed. *See In re Pyramid Mobile Homes, Inc.*, 531 F.2d at 745–46 (concluding that dismissal was appropriate where the appellant made "no effort to comply with the Rules" for over four months after filing its appeal).

**Accordingly, it is**

**ORDERED**:

1. Appellee's Motion to Dismiss Appeal (Doc. 11) is **GRANTED**.

2. This appeal is **DISMISSED**.

3. All pending motions are **DENIED** as moot.

4. The Clerk of Court is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on July 11, 2017.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

4